Epstein v MTA Long Is. Bus (2018 NY Slip Op 03336)





Epstein v MTA Long Is. Bus


2018 NY Slip Op 03336


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-08731
 (Index No. 14563/09)

[*1]Bonnie Epstein, appellant, 
v
MTA Long Island Bus, et al., respondents.


Eric H. Green, New York, NY (Marc Gertler of counsel), for appellant.
Zaklukiewicz, Puzo & Morrissey, LLP, Islip Terrace, NY (Jinan Monique Arafat of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated June 29, 2015. The order, insofar as appealed from, (1) granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint on the ground that the plaintiff failed to plead that she sustained a serious injury within the meaning of Insurance Law § 5102(d), and (2), upon renewal, in effect, vacated the determination in a prior order of the same court dated September 20, 2011, denying the defendants' motion for summary judgment dismissing the complaint and, thereupon, granted that branch of the defendants' renewed motion which was for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d).
ORDERED that the order dated June 29, 2015, is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint on the ground that the plaintiff failed to plead that she sustained a serious injury within the meaning of Insurance Law § 5102(d) is denied, and upon renewal, the determination in the order dated September 20, 2011, denying the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) is adhered to.
The plaintiff commenced this action to recover damages for injuries she contends she sustained when she was struck by a bus owned by the defendants MTA Long Island Bus and Metropolitan Transportation Authority and operated by the defendant Juan Bethel. At the time of the accident, the plaintiff had been walking in the vicinity of Middle Neck Road near South Station Plaza in Great Neck. In her bill of particulars, the plaintiff alleged that, as a result of the accident, she sustained the "permanent loss of use of the cervical, lumbar spines, both upper and lower left extremities and as a result, the entire body." She further alleged that she was confined to her home for 20 weeks following the accident.
By order dated September 20, 2011, the Supreme Court denied the defendants' initial [*2]motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). On May 13, 2014, the defendants moved (1) pursuant to CPLR 3211(a)(7) to dismiss the complaint on the ground that the plaintiff failed to plead that she sustained a serious injury within the meaning of Insurance Law § 5102(d), and (2) for leave to renew their prior motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). In support of that motion, they submitted evidence that the plaintiff was involved in another car accident 2½ years after the accident at issue that resulted in injuries similar to the injuries alleged in this case. By order dated June 29, 2015, the court granted the defendants' motion. On the issue of summary judgment, the court determined that, based on the new evidence presented upon renewal regarding the plaintiff's subsequent accident, the defendants made a prima facie showing that the plaintiff did not sustain a serious injury as a result of the accident in this case, and that the plaintiff failed to raise a triable issue of fact in opposition thereto. The plaintiff appeals from so much of that order as, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint on the ground that the plaintiff failed to plead that she sustained a serious injury within the meaning of Insurance Law § 5102(d) and, upon renewal, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d).
The Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint on the ground that the plaintiff failed to plead that she sustained a serious injury under any category of Insurance Law § 5102(d). The plaintiff's bill of particulars sufficiently alleges facts that, if true, demonstrate that she sustained injuries under both the permanent consequential limitation of use and 90/180-day categories of Insurance Law § 5102(d) (see generally Leon v Martinez, 84 NY2d 83, 87-88).
The Supreme Court also should have, upon renewal, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) as a result of the subject accident (see Stead v Serrano, 156 AD3d 836; Che Hong Kim v Kossoff, 90 AD3d 969, 969; see also Toure v Avis Rent A Car Sys., 98 NY2d 345, 357). Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Stead v Serrano, 156 AD3d 836; Che Hong Kim v Kossoff, 90 AD3d at 969).
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court